IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL TISTHAMMER, No. 46827-112, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-97-MJR |
| ) | |
| J.S. WALTON ) | |
| and CHARLES E. SAMUELS, JR., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at the United States Penitentiary-Marion ("Marion"), has brought this *pro se* civil rights action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 420-month sentence for production, receipt, and possession of child pornography. *United States v. Tisthammer*, Case No. 08-cr-0057 (C.D. Cal.). Plaintiff claims that Defendants have housed him and other Marion inmates in unconstitutionally crowded conditions. Petitioner had previously attempted to raise this claim in a habeas corpus petition under 28 U.S.C. § 2241 in *Tisthammer v. Walton*, Case No. 12-cv-1267-DRH. That action was dismissed without prejudice on January 7, 2013, because a claim regarding conditions of confinement is not cognizable in a § 2241 proceeding.

More specifically, Plaintiff claims that the nine-foot-by-thirteen-foot cells in Marion were originally constructed as single-man cells. However, they since have been modified by the addition of two more bunks and lockers, in order to house three inmates in each cell (Doc. 1, p. 5). While the prison was originally designed to house 550 inmates, it now holds

an inmate population of approximately 1,000 men. These conditions have prevailed since Plaintiff's arrival at Marion.

Plaintiff complains that these overcrowded conditions "directly effect [sic] services available and/or denied at the prison, including medical and dental services, access to library, education, recreation and food services, along with the dining room capacity, none of which have been expanded" (Doc. 1, p. 5). He asserts that after inmates challenged similar conditions in other prisons, the third bunks have been ordered to be removed (he does not indicate where this occurred). Plaintiff seeks such an order in this case, requiring the Federal Bureau of Prisons to "conform to established, well documented conditions of confinement" not only for himself at Marion, but for "all federal prison institutions nationwide where abuses are occurring" (Doc. 1, p. 6).

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

The defining Supreme Court case addressing issues of overcrowding is *Rhodes v. Chapman*, 452 U.S. 337 (1981). In that case, the plaintiffs contended that the lodging of two inmates in a single cell ("double celling") constituted cruel and unusual punishment. The

Supreme Court disagreed, concluding that "[a]t most . . . double celling inflicts pain," *id.* at 348-49, but not the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. The Court found that the Constitution "does not mandate comfortable prisons," *id.* at 349, and only those deprivations denying "the minimal civilized measure of life's necessities," *id.* at 347, are sufficiently grave to form the basis of an Eighth Amendment violation. In reaching this conclusion, the Court stated:

> Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment . . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 347. *See also Wilson v. Seiter*, 501 U.S. 294 (1991).

Although the Supreme Court has not yet spoken on the issue of triple-celling, at least two Courts of Appeal have done so, concluding that triple-celling is not per se unconstitutional. *See, e.g. Hubbard v. Taylor*, 538 F.3d 229 (3d Cir. 2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison); *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993) (quoting *Williams v. Griffin*, 952 F.2d 820, 824-25 (4th Cir. 1991)). Likewise, the Seventh Circuit in a recent unpublished opinion found that a complaint over triple-celling in FCI-Greenville failed to state a constitutional claim, where the plaintiff did not connect any deprivation of "basic human needs" or "the minimal civilized measure of life's necessities" to the crowded conditions. *McCree v. Sherrod*, 408 F. App'x 990, 992 (7th Cir. 2011) (affirming Case No. 09-cv-601-DRH (S.D. Ill. 2010)) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The appellate court reiterated that a floor space

limitation of approximately 35 square feet per inmate[1] does not by itself amount to cruel and unusual punishment.  *McCree*, 408 F. App'x at 992-93 (citing *Rhodes*, 452 U.S. at 348-49; *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir. 1985); *Smith v. Fairman*, 690 F.2d 122, 124, 126 (7th Cir. 1982)).

      Like the plaintiff in *McCree*, Plaintiff here alleges only general, conclusory claims of deprivation of medical/dental services, and limitations on library, educational, recreational and food services.  He does not state whether or how he personally has been affected by the triple-celling conditions, nor does he allege that either Defendant had the requisite subjective intent of deliberate indifference to a known risk of serious harm to him arising from the cell assignment.  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  The instant complaint is deficient because it rests entirely on such conclusory statements, unsupported by any factual allegations of unconstitutional harm suffered by Plaintiff.  *See also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in civil rights action where he alleges that inmates generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).

---

[1] The nine-foot-by-thirteen-foot cells in Marion described by Plaintiff provide 39 square feet per inmate when shared by three men.

Accordingly, Plaintiff's complaint fails to state a constitutional claim upon which relief may be granted. This case shall be dismissed pursuant to 28 U.S.C. § 1915A.

**Filing Fee**

When this action was filed on January 30, 2013, Plaintiff neither paid the $350.00 filing fee, nor did he submit a motion for leave to proceed *in forma pauperis* ("IFP"). That same date, the Clerk of Court sent a letter to the Plaintiff explaining that his case was opened without the payment of the filing fee and that he was to either pay the fee or file a motion to proceed IFP within 30 days or face dismissal of the case (Doc. 3). A blank motion to proceed IFP form was sent to Plaintiff along with the letter. Plaintiff's 30-day deadline falls on March 4, 2013.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff shall either pay the full filing fee of $350.00 for this action or file a motion for leave to proceed IFP, **no later than March 4, 2013.** Payment of the $350.00 filing fee shall be sent to: United States District Court, Clerk's Office, 750 Missouri Avenue, P.O. Box 249, East St. Louis, Illinois, 62201. At the time payment is made, Plaintiff's name and the case number assigned to this action shall be clearly identified. Should Plaintiff fail to comply with this Order, he may be subject to sanction, including a restriction on filing future cases if his fees are unpaid. *See Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Plaintiff is further advised that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable regardless of later developments in the suit, such as dismissal or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 2) is **DENIED AS MOOT.**

**Disposition**

      **IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

      The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

      If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also accumulate another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

      **IT IS SO ORDERED.**

      **DATED: February 21, 2013**

      s/ MICHAEL J. REAGAN
      United States District Judge